UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12410-RWZ

PETER MAYES

v.

WOODS HOLE OCEANOGRAPHIC INSTITUTION

### PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)

NOW COMES Plaintiff, PETER MAYES, by and through counsel undersigned, O'BRYAN

BAUN COHEN KUEBLER, and hereby submits the following as his initial disclosures pursuant to

F.R.C.P. 26(a)(1), providing as follows:

A.      Identity of individuals likely to have discoverable information:

        1.      Peter Mayes
                3955 Clubview
                West Bloomfield, Michigan 49324
                248-349-5230

                Mr. Mayes is the Plaintiff in this action and natural son of Decedent Joseph Mayes.  Mr.
        Mayes may have knowledge of the health, medical and employment history of Joseph Mayes and
        facts regarding the Estate's claim for damages.

        2.      Mary Kay Mayes

                Ms. Mayes is the natural daughter of Decedent Joseph Mayes.  Ms. Mayes may have
        knowledge of the health, medical and employment history of Joseph Mayes and facts regarding
        the Estate's claim for damages.

        3.      Dennis Mayes

                Mr. Mayes is the natural son of Decedent Joseph Mayes. Mr. Mayes may have knowledge
        of the health, medical and employment history of Joseph Mayes and facts regarding the Estate's
        claim for damages.

        4.      Claudette Bigby

2524 Crest Street, Apt. 1
Klamath Falls, Oregon

Ms. Bigby was the Decedent's "significant other" and may have knowledge of the Decedent's past medical and employment history. Ms. Bigby may also have knowledge of communications with Decedent, his state of mind, and medical status prior to the commencement of and during the voyage of the R/V KNORR during which the Decedent met his untimely demise. Further, Ms. Bigby may have knowledge of the facts supporting Plaintiff's claims of damages, including pre-death pain and suffering.

5.      Bryant Pierce, M.D.
        191 Greenbrier, S.E.
        Grand Rapids, Michigan 49546
        e-mail: bryant.pierce@spectrum-health.org

Dr. Pierce practices emergency medicine and will have expert opinions relative to the following topics: 1) the medical status of Joseph Mayes prior to embarking upon and during the voyage of the R/V KNORR when he met his untimely demise; 2) the nature and etiology of medical conditions resulting in the Decedent's demise; 3) the cause of death and extent of pre-death pain and suffering experienced by Decedent; 4) the appropriate regime and protocol of emergency treatment and evaluation which should have been administered to Decedent under the facts and circumstances surrounding and underlying the automobile collision which the Decedent experienced in Cape Town, as well as during the voyage of the R/V KNORR, up to and including the Decedent's death; and 5) the appropriate protocol and timing of the evacuation of the Decedent from the R/V KNORR during Voyage 16.

6.      The following persons are officers or crewmembers of the R/V KNORR whose addresses and telephone numbers are well known to Defendant but unknown to Plaintiff.

        a.      George P. Silva (Captain)

        b.      Janet B. Costello, R.N./C.E.N. (Medical Officer)

        c.      Steve Walsh (Chief Engineer/Watch Supervisor)

        d.      Christopher Morgan (Watch Partner)

Each of these crew members may have knowledge of the facts and circumstances surrounding the automobile collision suffered by Joseph Mayes in Cape Town, South Africa December 8, 2000; Voyage 16 of the R/V KNORR up to and including, but not limited to, January 6, 2001 when Joseph Mayes was evacuated by helicopter; and the medical history, condition, and status of Joseph Mayes during the course of his employment with Woods Hole Oceanographic Institute up to and including Voyage 16 of the R/V KNORR. Additionally, these

2

crew members may have knowledge of operational, work, safety, medical and emergency guidelines, rules, practices and procedures aboard the R/V KNORR:

7.    The following treating and evaluating medical providers:

  a.    Treating and evaluating medical providers of M.A.S./Medical Advisory Systems, 8050 Southern Maryland Boulevard, Owings, Maryland 20736, (301) 855-8070, including, but not limited to:

    (1)    Hasan Babaturk, M.D.

    (2)    William F. Woodward, M.D.

    (3)    John R. Marler, M.D.

    (4)    F. Jack Brinley, M.D.

    (5)    Liberatus DeRosa, M.D.

    (6)    Steven Osborne, M.D.

    (7)    Diana L. Smith, M.D.

  These treating and evaluation medical providers may have knowledge of treatment and evaluation provided to Joseph Mayes during Voyage 16 of the R/V KNORR and medical consult provided therewith.

8.    Andrew E. Sloan, M.D. - Assistant Professor
      D.C. Austin Chair of Neuro-Oncology
      Wayne State University School of Medicine
      and Neurological Surgery Department
      Harper Professional Building
      4160 John R, Suite 930
      Detroit, Michigan 48201
      (313) 966-0342

     Dr. Sloan practices neuro-oncology and neurosurgery, and will have expert opinions relative to the following topics: 1) the medical status of Joseph Mayes prior to embarking upon and during the voyage of the R/V KNORR when he met his untimely demise; 2) the nature and etiology of medical conditions resulting in the Decedent's demise; 3) the cause of death and extent of pre-death pain and suffering experienced by Decedent; 4) the appropriate regime and protocol of emergency treatment and evaluation which should have been administered to

Decedent under the facts and circumstances surrounding and underlying the automobile collision which the Decedent experienced in Cape Town, as well as during the voyage of the R/V KNORR, up to and including the Decedent's death; and 5) the appropriate protocol and timing of the evacuation of the Decedent from the R/V KNORR during Voyage 16.

9.    Robert N. Edwards, M.D. - Pathologist and Medical Examiner
      4509 South Sixth Street
      Suite 311
      Clamath Falls, Oregon 97603
      882-2426

Dr. Pierce is an expert pathologist and medical examiner and will have expert opinions relative to the following topics: 1) the medical status of Joseph Mayes prior to embarking upon and during the voyage of the R/V KNORR when he met his untimely demise; 2) the nature and etiology of medical conditions resulting in the Decedent's demise; 3) the cause of death and extent of pre-death pain and suffering experienced by Decedent; 4) the appropriate regime and protocol of emergency treatment and evaluation which should have been administered to Decedent under the facts and circumstances surrounding and underlying the automobile collision which the Decedent experienced in Cape Town, as well as during the voyage of the R/V KNORR, up to and including the Decedent's death; and 5) the appropriate protocol and timing of the evacuation of the Decedent from the R/V KNORR during Voyage 16.

10.    The following medical providers may have knowledge of treatment and evaluation:

      a.    Dr. Leonard Anstey
            86 Main Street
            Newlands 7700
            South Africa

A consultant pathologist who may have opinions and knowledge of autopsy findings conducted following the death of Joseph Mayes.

11.    R. Hewlett / Treating, evaluating and investigating medical personnel of Tygerberg-Hospital
      6th Floor, Faculty Building
      Stellenbosch University Medical School
      Cape Town, South Africa

Consultant with the Department of Neuropathology at Stellenbosch University Medical School who may have knowledge of the hystopathology evaluation following the death of Joseph Mayes.

12.    Jan E. Leestma, M.D.

4

430 West Derning Place
Suite 1
Chicago, Illinois 60614
773-388-7862

A neuropathologist who may have opinions consistent with reports which he authored June 7, 2001 and May 14, 2002 relative to the cause of death of Joseph Mayes.

13.    James Lewis, M.D./The International Institute of Forensic Science
Philadelphia Navel Business Center
Bldg. M4
Philadelphia, PA  19112

A forensic pathologist, Dr. Lewis may have opinions consistent with his report authored July 18, 2001 relative to the cause of death of Joseph Mayes.

14.    Michelle McCue, AD & D Claims Examiner
AIG Insurance Company

15.    Michael Brennen, Administrator Officer of Woods Hole Oceanographic Institute

Mr. Brennan may have knowledge of administrative and operational procedures of the R/V KNORR, as well as the employment of Joseph Mayes.

B.    A description of documents, data compilations, and tangible things which Plaintiff may use to support his claims:

It is believed that all of the documents identified below are in the possession and control of Defendant:

1.    Ship's log R/V KNORR Voyage 16 and/or including November 1, 2000 to January 31, 2001;

2.    Medical log R/V KNORR for Voyage 16 and/or including November 1, 2000 to January 31, 2001;

3.    Communications/radio log R/V KNORR for Voyage 16 and/or including November 1, 2000 to January 31, 2001;

4.    Any and all employment or payroll records of Woods Hole Oceanographic Institute for Joseph Mayes;

5. Any and all pre-employment physical examination reports or tests conducted on behalf of the Woods Hole Oceanographic Institute for evaluation or examination of Joseph Mayes;

6. Various e-mail communications between Claudette Bigby and Joseph Mayes;

7. Officer's Accident Report of Cape Town Police Department for automobile collision of Joseph Mayes on December 8, 2000 in Cape Town, South Africa;

8. Vessel's Injured/Ill Person Report dated December 15, 2000 for Voyage 16 R/V KNORR;

9. Any and all reports of medical history and/or seaman's employment evaluation, including examination date of May 14, 1999;

10. Any and all communications by officers and crewmembers of the R/V KNORR with employees and/or officers of Woods Hole Oceanographic Institute and/or Medical Advisory Systems; and

11. Any and all medical records, reports, investigation reports, memoranda relating to Voyage 16 of the R/V KNORR and the death of Joseph Mayes.

C. A Computation of Damages:

Non-pecuniary damages and/or pre-death pain and suffering - $5,000,000.00

Respectfully Submitted,

O'BRYAN BAUN COHEN KUEBLER

s/ Gary W. Baun
Attorneys for Plaintiff
401 S. Old Woodward, Ste. 320
Birmingham, MI 48009
Telephone:    (248) 258-6262
Facsimile:    (248) 258-6047
gbaun@obryanlaw.net

Dated:  June 1, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of June, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Gary W. Baun

Gary W. Baun

O'BRYAN BAUN COHEN KUEBLER

H:\PAT\WP6IDOCS\mayes\Initial Disclosures 06.01.04.wpd